**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| HAI NGUYEN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VANCOUVER, VANCOUVER POLICE DEPARTMENT, and JOHN DOE Vancouver Police Officer,<br><br>Defendants. | **NO.**<br><br>(Civil Rights)<br><br>Demand for Jury Trial<br><br>COMPLAINT |

INTRODUCTION

1. COMES NOW Plaintiff, HAI NGUYEN, hereinafter referred to as "Plaintiff", by and through his attorney of record, Brian A. Walker of the Brian Walker Law Firm, P.C., and brings this Complaint against the above-named defendants, and alleges and claims as follows:

## I. PARTIES

1. HAI NGUYEN, Plaintiff, is a United States citizen, residing in the City of Vancouver, Washington.

2. Defendant, Officer JOHN DOE (hereinafter referred to individually or collectively as "Officer Doe"), is a yet unidentified officer or officers, and at all times material to

Brian Walker LAW FIRM, PC

210 E 22nd Street
Vancouver, WA 98663
(360) 695-8886 Phone
(360) 695-1926 Fax

this Complaint, was employed as a police officer by the VANCOUVER POLICE DEPARTMENT, and are sued in both their individual and official capacities.

3. Defendant, VANCOUVER POLICE DEPARTMENT (hereinafter referred to as "VPD"), is a public entity as defined by Title II of the ADA. 42 U.S.C. § 12131: 28 C.F.R. § 35.104, and is being sued in an official capacity.

4. Defendant, CITY OF VANCOUVER (hereinafter referred to as the "City"), is a public entity as defined by Title II of the ADA. 42 U.S.C. § 12131: 28 C.F.R. § 35.104, and is a Washington State municipal agency responsible for the actions of VPD and its employees, and is being sued in an official capacity.

5. All defendants set forth above, unless otherwise indicated hereinafter are collectively referred to as "Defendants."

6. Each of the Defendants acted under color of state law and are responsible for the deprivation of Plaintiff's clearly established Constitutional, Civil rights.

7. Any reasonable official employed by any of the Defendants would have been aware that he or she was depriving Plaintiff of his clearly established Constitutional, Civil rights.

## II. PREVIOUS LAWSUITS

8. Plaintiff has not brought before any other lawsuits in any federal court of the United States.

## III. JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 1343 as this action involves a federal question arising under the United States Constitution.

210 E 22nd Street
Vancouver, WA 98663
(360) 695-8886 Phone
(360) 695-1926 Fax

10. This court has subject matter jurisdiction over this matter pursuant to 42 U.S.C. §1983, which permits individuals the right to sue state government employees and others acting "under color of state law" for civil rights violations in federal court.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred in this district, and all parties reside, or are situated in, this district.

## IV. STATEMENT OF FACTS

12. On or about February 5th, 2019, Plaintiff was driving his 2010 Ford F350 (hereinafter referred to as Plaintiff's "vehicle") in the City of Vancouver, Washington.

13. Riding along with Plaintiff at that time was an individual (hereinafter referred to as the "suspect") who was sought by law enforcement pursuant to an investigation of a serious offense which had recently to that date occurred in Cowlitz County, Washington.

14. Plaintiff brought his vehicle to a stop in a parking lot near the intersection of State Route 500 and Thurston way, where at least one marked and one unmarked VPD vehicle attempted to stop Plaintiff's vehicle so that they could make contact with the suspect.

15. Police were aware that the vehicle belonged to Plaintiff and that he was operating the vehicle at the time.

16. As police approached Plaintiff's vehicle, the suspect forced plaintiff out of the driver's seat and took control of the vehicle.

17. The suspect then drove Plaintiff's vehicle out of the parking lot with Plaintiff still within.

210 E 22nd Street
Vancouver, WA 98663
(360) 695-8886 Phone
(360) 695-1926 Fax

18. Police were aware that the suspect was operating the vehicle and that the Plaintiff was still inside.

19. Plaintiff had broken no traffic laws at that time or given any legitimate reason for law enforcement to stop his vehicle while he was operating his vehicle.

20. Plaintiff did not have any warrants for his arrest.

21. Plaintiff was not wanted for questioning in connection with the investigation of the suspect or for any other reason by law enforcement at that time.

22. No verbal commands were made by Police officers for the driver of the vehicle to stop.

23. Police officers followed and pursued Plaintiff's vehicle at high speeds, which pursuit developed into a high-speed chase.

24. Police officers followed and pursued Plaintiff's vehicle in a high-speed chase onto southbound Interstate 205 into Portland, Oregon, and then onto westbound Interstate 84 toward downtown Portland, Oregon.

25. While following and pursuing the Plaintiff's vehicle in a high-speed chase, VPD police officers DOE fired numerous gunshots at and into Plaintiff's vehicle.

26. During the high-speed chase, neither the suspect nor the Plaintiff fired upon or performed any aggressive act toward Defendants.

27. During the high-speed chase, VPD officers DOE conducted a Pursuit Intervention Technique (PIT) maneuver on Plaintiff's vehicle, colliding VPD patrol vehicles with Plaintiff's vehicle and forcing Plaintiff's vehicle into the concrete traffic ("Jersey") barriers on westbound Interstate 84 in Portland, Oregon, causing total destruction of Plaintiff's vehicle.

210 E 22nd Street
Vancouver, WA 98663
(360) 695-8886 Phone
(360) 695-1926 Fax



28. During the high-speed chase, Plaintiff was struck by at least one of the dozens of gunshots fired into and through his vehicle, causing Plaintiff significant, life-threatening personal injury and pain and suffering, as a direct and proximate result of VPD conduct.

29. Also damaged or completely destroyed within Plaintiff's vehicle were a significant number of Plaintiff's items of personal property, which destruction was a direct and proximate result of the VPD gunfire and the collision with the concrete Jersey barrier.

30. As a proximate result of the high-speed chase of Plaintiff's vehicle, the Plaintiff also experienced severe emotional distress, gunshot wounds, destruction of personal property, personal injury, both partial and permanent, and property damage.

## V. CLAIM

EXCESSIVE USE OF FORCE IN VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

31. Plaintiff realleges each and every fact set forth in the preceding paragraphs.

32. Defendants' gunfire and high-speed pursuit of the Plaintiff and his vehicle was a violation of VPD policy.

33. Defendants' gunfire and high-speed pursuit of the Plaintiff and his vehicle was a violation of United State's law and was not justified under the circumstances.

34. Defendants' gunfire and high-speed pursuit of the Plaintiff and his vehicle constituted an unreasonable seizure depriving Plaintiff of his Fourth Amendment rights secured by the Constitution.

35. Defendants knew or should have known that the use of lethal force to apprehend a suspect constituted a violation of Plaintiff's Fourth Amendment rights.

36. As a direct and proximate result of Defendant's actions, Plaintiff suffered severe

Brian Walker
LAW FIRM, PC

210 E 22nd Street
Vancouver, WA 98663
(360) 695-8886 Phone
(360) 695-1926 Fax

emotional distress, gunshot wounds, destruction of personal property, personal injury, and property damage.

37. At the time of the tortious conduct described herein, Defendant VPD officers DOE were on-duty officers employed by Defendants VPD and the City of Vancouver, public and municipal agencies.

38. Defendants' actions were committed while acting under the color of state law because Defendants pursued Plaintiff's vehicle to make contact with the suspect in connection with an ongoing investigation.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief:

(1) Adjudicating and declaring that Defendants deprived Plaintiff of his Constitutional, Civil rights under color of state law.

(2) An award of compensatory damages in an amount to be proven at trial for the injuries, property loss and all other pain, suffering and emotional distress he has suffered, both partial and permanent, as a direct and proximate result of Defendants' actions;

3) An award of punitive damages against each Defendant in an amount to be determined at trial;

(4) An award of attorneys' fees, costs as allowed by statute; and

(5) Such further and other relief as the Court deems equitable and just.

DATED this 4 day of February, 2022.

BRIAN A. WALKER, WSBA #27391
Attorney for Plaintiff

210 E 22nd Street
Vancouver, WA 98663
(360) 695-8886 Phone
(360) 695-1926 Fax