1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

HAI NGUYEN,

No. 3:22-cv-5077-JHC

10

Plaintiff,

ORDER DENYING DEFENDANT CITY
OF VANCOUVER'S MOTION FOR
SUMMARY JUDGMENT

11

vs.

12
13

CITY OF VANCOUVER, VANCOUVER
POLICE DEPARTMENT, and JOHN DOE,
Vancouver Police Officer,

14

Defendants.

15
16

**I.**

17

**INTRODUCTION**

18

19        THIS MATTER comes before the Court on Defendant City of Vancouver's Motion for

20   Summary Judgment ("Motion").  The Court has considered the pleadings filed in support of

21   and in opposition to the Motion and the file herein.  Being fully advised, the Court DENIES the

22   Motion.

23
24
25

ORDER DENYING DEFENDANT CITY OF
VANCOUVER'S MOTION FOR SUMMARY
JUDGMENT - 1
(W.D. Wash. Cause No. 3:22-cv-05077-JHC)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## II.

### BACKGROUND

Plaintiff filed this lawsuit on February 4, 2022, asserting a cause of action under 42 U.S.C. § 1983 against (1) the Vancouver Police Department ("VPD"), (2) the City of Vancouver ("City"), and (3) a "John Doe." Dkt. #1.[1]  On February 11, 2022, a process server delivered a copy of the summons and complaint to Logan Cannon, a records supervisor at the Vancouver Police Department's West Precinct. Dkt. #4.  On February 22, 2022, a process server delivered a copy of the summons and complaint to Brent Waddle, who at the time was the City of Vancouver's Interim Risk Manager. Dkt. #6.  The parties do not dispute that neither Cannon nor Waddle have ever been designees of the City of Vancouver's mayor or city manager, meaning neither have ever been authorized to accept service of process on behalf of the City of Vancouver.  *See* RCW 4.28.080(2) (Municipalities in Washington may be served only by delivery of the summons and complaint "to the mayor, city manager, or, during normal office hours, to the mayor's or city manager's designated agent or the city clerk thereof.").

On April 15, 2022, the City filed an answer in which it did not assert the affirmative defense of insufficient service of process. Dkt. # 9.  On May 5, 2022, exactly 90 days after Plaintiff filed his complaint, the City filed an amended answer under Federal Rule of Civil Procedure ("FRCP") 15(a)(1)(A), asserting the defense for the first time. Dkt. # 11. The City now moves for summary judgment, arguing that Plaintiff did not commence the action within the limitations period due to his failure to effectuate proper service of process. Dkt. # 13.

---

[1] The Court dismissed the Vancouver Police Department from this action on May 16, 2022, because it is not a legal entity that can be sued. Dkt. # 18.

ORDER DENYING DEFENDANT CITY OF
VANCOUVER'S MOTION FOR SUMMARY
JUDGMENT - 2
(W.D. Wash. Cause No. 3:22-cv-05077-JHC)

1

2

### III.

3

#### ANALYSIS

4       "Section 1983 does not contain its own statute of limitations." *Butler v. Nat'l Cmty.*

5   *Renaissance of Cal.,* 766 F.3d 1191, 1198 (9th Cir. 2014).  "Without a federal limitations

6   period, the federal courts apply the forum state's statute of limitations for personal injury

7   actions, along with the forum state's law regarding tolling, including equitable tolling, except to

8   the extent any of these laws is inconsistent with federal law." *Id.*  "But, in borrowing a state

9   statute of limitations for a federal cause of action," federal courts are "to 'borrow no more than

10  necessary.'"  *Id.* (quoting *West v. Conrail,* 481 U.S. 35, 39 (1987)).  Because Washington is the

11  forum state, the Court applies Washington's three-year limitations period for personal injury

12  torts under RCW 4.16.080(2).  *See Lien Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 997

13  (9th Cir. 2006) (explaining that the forum will apply its own state's statute of limitations

14  barring exceptional circumstances and constitutional restrictions); *see also* Restatement

15  (Second) of Conflicts of Law § 6; § 142 (1988).

16      Under federal law, a claim accrues "when the plaintiff knows or has reason to know of

17  the injury which is the basis of the action." *Lukovsky v. City and Cnty. of San Francisco,* 535

18  F.3d 1044, 1048 (9th Cir. 2008).  Plaintiff alleges his injuries occurred on February 5, 2019.

19  Dkt # 1.  His cause of action thus began to accrue as of that date, triggering the three-year

20  statute of limitations, which ran until February 5, 2022.  The City argues that because Plaintiff

21  failed to effectuate proper service within 90 days of filing his complaint on February 4, 2022,

22  he did not commence his lawsuit.  Dkt. # 13 at 5.  It cites RCW 4.16.170, which states in

23  pertinent part, "the plaintiff shall cause one or more of the defendants to be served … within

24  ninety days from the date of filing the complaint…if…following filing, service is not so made,

25  the action shall be deemed to not have been commenced for purposes of tolling the statute of

ORDER DENYING DEFENDANT CITY OF
VANCOUVER'S MOTION FOR SUMMARY
JUDGMENT - 3
(W.D. Wash. Cause No. 3:22-cv-05077-JHC)

1
2
limitations." *Id.* The City further argues that Plaintiff's action is now time barred because

3
more than three years have passed since his cause of action accrued and an action was never

4
commenced. *Id.* at 7–10.[2]

5
Contrary to the City's arguments, the service requirements of FRCP 4(m), instead of

6
RCW 4.16.170, apply here. The Ninth Circuit has held that "a federal court borrowing a state's

7
time period for filing suit brought under federal law should not also borrow the state's time

8
limits for serving the complaint." *S.J. v. Issaquah Sch. Dist. No. 411,* 470 F.3d 1288, 1293 (9th

9
Cir. 2006); *see also Dumarce v. Christensen,* No. CV-05-419-FVS, 2007 WL 2572315, at *2

10
(E.D. Wash. Sept. 5, 2007) ("RCW 4.16.170 does not apply to a § 1983 claim commenced in

11
federal court…[a]lthough the statute of limitations is borrowed from state law, service of

12
process is governed by the Federal Rules of Civil Procedure.").

13
The City cites *Whidbee v. Pierce Cnty.,* 857 F.3d 1019, 1023 (9th Cir. 2017), in support

14
of its argument that RCW 4.16.170 should apply instead of Fed. R. Civ. P. 4(m). Dkt. # 13 at

15
6. But in *Whidbee,* the plaintiff first brought his action in state court, and the defendants

16
removed the action to federal court after the state statute of limitations had expired. The Ninth

17
Circuit held that removal to federal court did not extend or revive the expired three-year

18
limitations period. *Id.* This case is distinguishable from *Whidbee* because Plaintiff filed his

19
action in federal court in the first instance. It thus more resembles *S.J.* and *Dumarce.*

20
21
    [2] The law does not support Plaintiff's arguments that his attempts to serve the nonlegal entity of
the Vancouver Police Department somehow tolled the limitations period under RCW 4.16.170. *Cf.*
22
*Sidis v. Brodie/Dohrmann, Inc.,* 117 Wash. 2d 325, 329–30, 815 P.2d 781 (1991) ("A plaintiff who fails
to serve each defendant risks losing the right to proceed against unserved defendants if the served
23
defendant is dismissed"). Nor does it support Plaintiff's argument that the City somehow waived its
defense of insufficient service. Plaintiff may be correct that the City strategically omitted its affirmative
24
defense of insufficiency of process from its original answer, only to include it in its amended answer
upon expiration of the 90 days. But as far as the Court can tell, no law clearly supports the proposition
25
that such conduct amounts to waiver of the defense.

ORDER DENYING DEFENDANT CITY OF
VANCOUVER'S MOTION FOR SUMMARY
JUDGMENT - 4
(W.D. Wash. Cause No. 3:22-cv-05077-JHC)

1

2          District courts have broad discretion to extend time for service under Rule 4(m).  In

3    *Henderson v. United States,* 517 U.S. 654, 61 (1996), the Supreme Court observed that Rule

4    4's time period for service "operates not as an outer limit subject to reduction, but as an

5    irreducible allowance."  *See also Mann v. American Airlines,* 324 F.3d 1088, 1090 (9th Cir.

6    2003) ("Rule 4(m) explicitly permits a district court to grant an extension of time to serve the

7    complaint").  In making extension decisions under Rule 4(m), a district court may consider

8    factors such as the statute of limitations bar, prejudice to the defendant, actual notice of the

9    lawsuit, and eventual service.  *Efaw v. Williams,* 473 F.3d 1038, 1041 (9th Cir. 2007).

10         Here, the Court finds good cause under Rule 4(m) for Plaintiff's failure to serve the City

11   with process within 90 days of the filing of this lawsuit.  Factors supporting this finding

12   include: (1) the City's omission of the affirmative defense of insufficiency of process in its

13   original answer; and (2) the City waiting until the expiration of the 90-day period to assert the

14   defense.  Factors supporting the extension decision include: (1) the limitations period; (2) the

15   lack of any apparent prejudice to the City; (3) actual notice of the lawsuit by the City; and (4)

16   Plaintiff's apparent good-faith efforts to serve the City within the 90 days.

17         Accordingly, the Court DENIES the Motion.  Plaintiff may have until June 30 to serve

18   the City with process.

19         DATED this 8th day of June, 2022.

20

21

22                                         HONORABLE JOHN H. CHUN
                                           UNITED STATES DISTRICT JUDGE
23

24

25

ORDER DENYING DEFENDANT CITY OF
VANCOUVER'S MOTION FOR SUMMARY
JUDGMENT - 5
(W.D. Wash. Cause No. 3:22-cv-05077-JHC)